## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ISHMAEL I. WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-5012 |
| | § | |
| HCSO, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit seeking monetary damages against the Harris County Sheriff's Office ("HCSO") for denial of a probable cause hearing following his arrest.

Having screened the complaint pursuant to section 1915, the Court DISMISSES this lawsuit for the reasons that follow.

### *Background and Claims*

Plaintiff is in custody of the HCSO awaiting trial on felony charges for aggravated sexual assault of a child under the age of fourteen years of age. According to public state court records, the complainant was the four-year old daughter of plaintiff's girlfriend at the time of the offense. *State v. Walker*, Cause No. 1603525 in the 351st District Court of Harris County, Texas. The records show that a criminal complaint was filed against plaintiff on August 31, 2018, and probable cause was found for issuance of an arrest warrant. However, plaintiff was not located and arrested until March 25, 2019.

Plaintiff complains that he was not given a probable cause hearing following his arrest. He seeks $10,000.00 in monetary compensation for the HCSO's alleged denial of his Fifth Amendment rights. (Docket Entry No. 1, pp. 13, 14.)

### *Analysis*

The public state court online records show that criminal charges were brought against plaintiff by formal complaint on August 31, 2018, for the aggravated sexual assault of a four-year-old child. He was arrested on March 25, 2019, and was appointed counsel on March 27, 2019. Arraignment was set for March 27, 2019, but it was reset upon plaintiff's request. An indictment was lodged against him on May 23, 2019.

In the instant lawsuit, plaintiff does not complain that he is being held without probable cause, nor does he seek release from pretrial confinement. He claims only that the HCSO violated his Fifth Amendment rights by denying him a probable cause hearing. Plaintiff's allegations against the HCSO raise no viable section 1983 claim for relief, as the HCSO is a division of Harris County and is not a legal entity that can be sued in its own name. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).

Further, even assuming plaintiff had named Harris County as the defendant in this lawsuit and a viable Fifth Amendment violation were raised, his pleadings fail to set forth factual allegations supporting a viable cause of action. Municipal corporations or other

political subdivisions of the state such as Harris County "cannot be held liable solely because it employs a tortfeasor [or] on a *respondeat superior* theory." *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978).  To prevail on a claim, a "plaintiff must show that the municipality [or political subdivision of the state] has a policy or custom that caused his injury." *Park v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007).  "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Tex.*, 981 F.2d 237, 245 (5th Cir. 1993).

The standard for holding a local government unit responsible under section 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right.  *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990).  Thus, Harris County in this instance would violate plaintiff's alleged constitutional right to a probable cause hearing rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage.  *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984).

Plaintiff failed to identify a policy, practice or custom of Harris County that caused a deprivation of his constitutional rights, and no viable claim for relief against Harris County has been raised under section 1983.

Plaintiff's claim for monetary damages against Harris County is DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim for relief.

*Conclusion*

This lawsuit is DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim upon which relief can be granted under section 1983. Any and all pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" for purposes of section 1983.

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on May 29, 2020.

_____
Gray H. Miller
Senior United States District Judge